IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| ROBERT DURK, Individually and as Executor of the Estate of Janelle Durk, Deceased, and SHERRY DURK, Individually, | ) ) ) | | |
| Plaintiffs, | ) | No. | 07 CV 6844 |
| v. | ) ) | Judge Robert W. Gettleman | |
| DAUM TRUCKING, INC. and ROBERT WHITNEY | ) ) ) | Magistrate Judge Michael T. Mason | |
| Defendants. | ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Robert Durk, individually and as Executor of the Estate of Janelle Durk, deceased, and Sherry Durk have brought the instant action against defendant Robert Whitney and his employer Daum Trucking, Inc. for wrongful death (Count I), survival (Count II), family expense (Count III), negligent infliction of emotional distress - willful and wanton conduct (Counts XI & XVII), negligent infliction of emotional distress - negligent entrustment - willful and wanton conduct (Count XII & XVIII), negligent infliction of emotional distress - negligent hiring - willful and wanton conduct (Count XIII & XIX), personal injury - willful and wanton conduct (Count XIV & XX), personal injury - negligent entrustment - willful and wanton conduct (Count XV & XXI), and personal injury - negligent hiring - willful and wanton conduct (Count XVI &XXII). Defendant Daum Trucking has moved to strike or dismiss Counts XI, XII, XIII, XVII, XVIII of Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(f) and Rule 12(b)(6). Defendant Whitney has moved to strike or dismiss Counts XI and XVII on the same grounds. He has also moved to strike or dismiss Counts XIV and XX for failure to claim

1

specific allegations as against him as an individual. Additionally, defendant Whitney has moved to dismiss paragraph 5 of Count I. For the reasons that follow, defendants' motions are denied.

## FACTS

The facts alleged in the complaint are taken as true for purposes of the instant motion, Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). Plaintiffs' claim arises out of a traffic accident that occurred on July 6, 2006, in the eastbound lanes of Interstate 70, at or near mile marker 141, in Auburn township, Clark County, Illinois. Defendant Robert Whitney was driving a tractor-trailer owned and operated by his employer, defendant Daum Trucking, Inc. Defendant Whitney was driving under the influence of alcohol and/or other drugs and had driven more than 19 hours without adequate rest, far exceeding federal rules for rest.[1] Whitney lost consciousness while driving, causing the tractor-trailer to veer off the road, strike a guard rail, and come to rest in the middle of the eastbound lanes, blocking all traffic.

Plaintiff Robert Durk was among those drivers forced to stop his car as it approached defendant Whitney's stalled tractor-trailer. Durk's wife, plaintiff Sherry Durk, was seated in the front passenger seat of the car, and Janelle, the Durks' daughter, and the Durks' niece were seated in the back. While plaintiff's car was idling, a tractor-trailer operated by McDaniel Transit failed to stop and rear-ended the plaintiffs' car, forcing it into a ditch. Janelle Durk sustained fatal injuries from the collision. Plaintiffs, who sustained serious injuries in the crash,

---

[1] Robert Whitney was convicted on July 10, 2008 of two counts of reckless homicide for causing the death of Janelle Durk while driving under the influence of illegal substances and in violation of federal rules hours for driving and rest.

attempted to rescue their daughter from the car. While trying to aid Janelle, fire, smoke and flames began to spread from the McDaniel Transit truck, and the Durks claim to have feared for their safety and the safety of their daughter and niece.

**DISCUSSION**

In the instant case, plaintiffs claim to have suffered negligent infliction of emotional distress because they feared for their safety and that of their daughter and niece when they saw the fire, smoke and flames from a nearby truck spreading towards their vehicle as they were attempting to rescue their injured daughter. Defendants argue that plaintiffs' separate claims for emotional distress and negligent infliction of emotional distress are redundant and the latter claims are not legally cognizable. Defendants further argue that their conduct, even if negligent, was not the proximate cause of the collision between plaintiffs' car and the McDaniel Transit truck because: (1) defendants' allegedly negligent acts were temporally removed from the crash; and (2) the McDaniel Transit truck driver's conduct was an intervening cause that severed defendants' liability. Finally, defendant Whitney argues that paragraph 5 of Count 1 of plaintiff's amended complaint fails to state a claim for relief, is prejudicial, and irrelevant.

Legal Standard

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule on its merits. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and draws all reasonable inferences in the plaintiff's favor.

See McMillan v. Collection Prof'ls, Inc., 455 F.3d 754, 758 (7th Cir. 2006). The complaint must, nevertheless, plead sufficient facts to suggest plausibly that the plaintiff is entitled to relief. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007).

The standard for a motion to strike under Rule 12(f) is the same as that for a motion to dismiss under Rule 12(b)(6), R.J. Corman Derailment Serv. Ltd. v. Int'l. Union of Operating Eng'rs, Local 150, 335 F.3d 643, 647 (7th Cir. 2003). Judgment is appropriate only if all of plaintiff's well-pled factual allegations are not sufficient to raise a right to relief above the speculative level. Bell Atlantic Corp., 127 S.Ct. at 1965.

Direct Victim versus Bystander Liability

In the instant case, plaintiffs have brought separate claims for emotional distress arising from negligence and negligent infliction of emotional distress. Defendants argue that the separate claims for negligent infliction of emotional distress must be stricken or dismissed because they are duplicative, provide plaintiffs no discernable benefit, and complicate the underlying negligence case.

Under Illinois law, the courts distinguish between a claim for negligent infliction of emotional distress brought by a direct victim of an accident and one brought by a bystander. Rickey v. Chicago Transit Authority, 98 Ill. 2d 546, 550 (1983). A "direct victim" is one who sustains contemporaneous physical impact or injury because of the negligence of a defendant. Id. at 555. A "bystander" is one who suffers a physical injury or illness from emotional distress because he was in "such proximity to the accident in which the direct victim was physically injured that there was a high risk to him of physical impact." Id. A bystander's claim can

4

survive only when he pleads that his emotional distress stemmed from fear for his personal safety. Kapoulas v. Williams Ins. Agency, 11 F.3d 1380, 1383 (7th Cir. 1993); Alexander v. De Paepe, 148 Ill. App. 3d 831, 835 (Ill. App. Ct. 1986) (holding plaintiff's emotional distress experienced as a result of witnessing fatal injuries to fiance during a car crash is not sufficient to support a separate claim of negligent infliction of emotional distress). This is the "zone-of-physical-danger" test and applies only to bystander plaintiffs. Rickey, 98 Ill.2d at 555; Corgan v. Muehling, 143 Ill. 2d 296, 306-07 (1991). The Illinois Supreme Court defines the zone-of-danger as the area encircling a negligently caused accident, with the accident forming the nucleus of this zone. Corgan, 143 Ill. 2d at 306 (1991). A person is within the zone when he is "sufficiently close to that accident that he is subjected to a high risk of physical impact emanating from the accident itself." Id. at 304-06 (quoting Lewis v. Westinghouse Electric Corp., 139 Ill. App. 3d 634, 639-40 (Linn, J., dissenting).)

Contrary to defendants' arguments,[2] a person can be both a direct victim and a bystander, and can plead as such. Hayes v. Illinois Power Co., 25 Ill. App. 3d 819, 825 (1992); see Kapoulas, 11 F.3d at 1382-83 (holding that under Illinois law, a plaintiff may be both direct victim and bystander in the same incident for purposes of determining the source of his emotional distress); see also Seitz v. Vogler, 289 Ill. App. 3d 1029, 1042 (Ill. App. Ct. 1997) (holding that plaintiff was both a direct victim when she was injured in a boating accident and a bystander with respect to the death of her husband in the accident and the injury and threat of

---

[2] Defendants rely on Corgan to support their argument that the zone of danger rule does not apply to plaintiffs since they were the direct victims in the accident with the McDaniel Transit vehicle. This misinterprets the holding in Corgan and subsequent precedent. The Illinois Supreme Court held in Corgan that the zone of danger rule does not apply to direct victims, but this does not preclude plaintiffs from pleading separate claims as bystanders.

5

injury to her children who accompanied her on the boat). In <u>Hayes</u>, the court permitted the plaintiff to seek damages for two distinct claims of emotional distress. The plaintiff claimed he was a direct victim because he suffered physical injuries when he came in contact with his grandfather who was electrocuted by a downed power line. The plaintiff also claimed to be a bystander because when he regained consciousness after being shocked he remained in the zone of physical danger and feared that he could have been electrocuted again.

Defendants argue that after <u>Rickey</u>, the Illinois Supreme Court has resisted attempts to enlarge the scope of bystander liability. None of the cases that defendant cites, however, deals with the circumstances of the instant case where plaintiffs, after the McDaniel Transit truck crashed into their car, remained in the car while fire began to spread from the burning truck to their car. These cases dealt with strict products liability, <u>Pasquale v. Speed Products Engineering</u>, 166 Ill. 2d 337 (1995), negligence arising from a psychologist's sexual relations with a patient during the course of treatment, <u>Corgan</u>, 143 Ill. 2d 296 (1991), and wrongful birth, <u>Sieminiec v. Lutheran Gen. Hosp.</u>, 117 Ill. 2d 230 (1987). More importantly, the plaintiffs in the cited cases failed to show that their emotional distress arose from being endangered by the defendants' negligence.

Additionally, defendants argue that the elements of proof and the recoverable damages are the same in the negligence claims and the negligent infliction of emotional distress claims, and therefore the separate bystander claims overly complicate the instant case without providing any discernable benefit to plaintiffs. While it is true that there can not be double recovery for the same injury alleged under different claims, a 12(b)(6) motion is not the stage at which to address this type of concern. At this stage in the pleadings, all plaintiffs must do is plead "sufficient

facts to suggest plausibly that the plaintiff is entitled to relief." See Bell Atlantic Corp., 127 S.Ct.at 1965. Further, if plaintiffs can show different symptoms of emotional distress resulting from being direct victims and bystanders, then they should plead as such. See Kapoulas, 11 F.3d at 1383 n.1 (noting that the plaintiff could have pled two separate grounds of emotional distress damages to simplify the proceedings).

In the instant case, the Durks, like the plaintiff in Hayes, have adequately pled claims as both direct victims and bystanders: they are direct victims because they suffered physical and emotional injuries in the collision; they are also bystanders because they remained in "the zone-of-physical-danger" while attempting to rescue their daughter as fire, smoke, and flames from the McDaniel Transit truck spread to their car, causing them to fear for their personal safety. Plaintiffs therefore have properly pled separate claims for emotional distress arising from negligence, as direct victims, and negligent infliction of emotional distress, as bystanders to the fiery rescue scene.

Proximate Cause

Defendants argue in the alternative that plaintiffs' claims for negligent infliction of emotional distress also fail because the defendants' acts were not the proximate cause of the collision and the surrounding zone of danger that caused plaintiffs to fear for their safety. Further, defendant Daum Trucking claims that both the hiring and entrustment of defendant Whitney with the tractor-trailer and Whitney's negligent driving occurred before the McDaniel Transit vehicle rear-ended the plaintiff's car.

7

There are two elements of proximate cause: cause in fact and legal cause. Young v. Bryco Arms, 213 Ill. 2d 433, 446 (2004). The first element, cause in fact, is established when there is "a reasonable certainty that a defendant's acts caused the injury or damage." Lee v. Chicago Transit Authority, 152 Ill. 2d 432 (1992). The second element, legal cause, is a matter of public policy and is established if the defendant's act is "so closely tied to the plaintiff's injury that he should be held legally responsible for it." Young, 213 Ill. 2d at 446 (quoting Simmons v. Garces, 198 Ill. 2d 541, 558 (2002)). The primary inquiry is one of foreseeability: "whether the injury is of a type that a reasonable person would see as a likely result of his conduct." Lee, 152 Ill. 2d at 456 (quoting Masotti v. Console, 195 Ill. App. 3d 838, 845 (Ill. App. Ct. 1990)).

Because there may be multiple proximate causes of an injury, a defendant can be held liable if his conduct proves to be one of the proximate causes. Nelson v. Union Wire Rope Corp., 31 Ill. 2d 69, 88 (1964). Liability does not attach if an "intervening efficient cause ... a new and independent force ... breaks the causal connection between the original wrong and the injury, and itself becomes the direct and immediate ... proximate cause of an injury." Pullman's Palace Car Co. v. Laack, 143 Ill. 242, 261 (1892). An intervening cause, however, does not sever the causal connection unless the subsequent act was unforeseeable as a matter of law. Roeseke v. Pryor, Ill. App. 3d 771, 779 (Ill. App. Ct. 1997).

As to the defendants' first argument, there is no requirement that a defendant's negligent act must be contemporaneous with the resulting injury if there is proximate cause. See Rickey v. CTA, 98 Ill. 2d 546, 549 (1983) (holding that the plaintiff properly stated a claim for emotional distress based on the negligent manufacture, design, and maintenance of an escalator that injured

the plaintiff's brother). Defendants' argument that the negligent conduct of the McDaniel Transit driver created an intervening cause is similarly unconvincing. Whitney's negligent driving caused the Daum Trucking tractor-trailer to jack-knife in the middle of roadway. The foreseeable result of blocking both lanes of traffic on an major interstate is a collision, or series of collisions. See Roeseke, 152 Ill. App. 3d at 779 (finding, as a matter of law, a multiple vehicle pile-up is a foreseeable consequence of losing control of one's vehicle, crashing into another vehicle, and blocking traffic on a busy roadway at night). Therefore, as a matter of law, the McDaniel Transit driver's conduct was not an intervening cause that severed defendants' liability.

Whitney's Remaining Arguments

Defendant Whitney has moved separately to strike or dismiss paragraph 5 of Count I, which lists Whitney's driving record, for being irrelevant and prejudicial. Contrary to his arguments, his driving record provides relevant factual information to support plaintiffs' claims that defendant Daum engaged in willful and wanton negligent hiring and negligent entrustment. See Locket v. Bi-State Transit Authority, 94 Ill.2d 66, 73-74 (1983) (holding that to exclude proof of a bus driver's poor driving record was not permissible in an action for wilful and wanton entrustment against the driver's employer). The facts may be prejudicial, but the prejudice is not outweighed by the relevance; therefore, the facts listed in paragraph 5 of Count 1 are properly included in the complaint. See Id. at 74.

Further, defendant Whitney argues that plaintiffs fail to allege sufficient facts in Counts XIV and XX to state claims against him for wilful and wanton conduct. The court disagrees. Though plaintiffs might have pled these claims more artfully, they plead sufficient facts for the

9

purposes of surviving a motion to dismiss or strike. See <u>Klatt v. Commonwealth Edison</u>, 33 Ill. 2d 481 (1965) (defining wilful and wanton conduct as an intentional injury or act exhibiting a reckless disregard for the safety of others).

## CONCLUSION

For the reasons explained above, defendants' motions to dismiss or strike are denied. Defendants are directed to answer Counts XI, XII, XIII, XIV, XVII, XVIII and XX, as these counts apply to each of them, on or before November 12, 2008[3]. The status set for October 23, 2008, is cancelled.

**ENTER:** **October 22, 2008**

_____
**Robert W. Gettleman**
**United States District Judge**

---

[3]The court notes from the docket that defendants have failed to answer Counts XV, XVI, XIX, XXI, and XXII, as these counts apply to each of them, and are directed to do so by November 12, 2008.